[No. 29524. *En Banc.* February 16, 1945.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Fruit and Produce Company, et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Clay Allen, Judge, Respondent.*[1]

[1] Reported in 155 P. (2d) 1005.

*Ryan, Askren & Mathewson,* for relators.

*Evans, McLaren & Lane* and *John D. Carmody,* for respondent.

SIMPSON, J.—This cause comes to us upon an application for a writ of mandate requiring the superior court of King county to enter an order dismissing, for want of prosecution, an action pending in that court. The application is founded upon Rule 3, Rules of Practice, 18 Wn. (2d) 32-a, Rem. Rev. Stat. (Sup.), § 308-3 [P. C. § 8676-6].

January 6, 1942, John McB. Meade, as a stockholder of relator corporation, started an action in the superior court of King county seeking certain relief for the corporation, himself, and other stockholders similarly situated. The answer to the complaint was served on counsel for John McB. Meade July 16, 1942. The complaint was filed August 26, 1943, and the answer was filed November 1, 1944.

October 18, 1944, relators filed a motion in the superior court, seeking an order dismissing the action upon the ground that plaintiff had failed to note it for trial within one year after the issues of fact and law had been joined. After argument on the motion, the trial court took it under advisement, filed a memorandum opinion, and then on November 21, 1944, entered an order of denial. Relators then presented the application to this court for a writ of mandate.

An alternative writ was issued, returnable December 29, 1944. A return was duly made by respondent.

■ A writ of mandate cannot be issued, for the reason that the trial court has entered its order denying the motion to dismiss. However, we will consider the application for a writ as one for certiorari, because the latter is the proper remedy. *State ex rel. Dawson v. Superior Court,* 16 Wn. (2d) 300, 133 P. (2d) 285.

■ It is quite evident that the cause must be dismissed unless the writ discloses an excuse for plaintiff's failure to note the cause for trial.

"While the defendant in an action may expedite the final determination thereof by calling up for hearing preliminary questions and placing the cause upon the trial docket, to be set as soon as the action is at issue on questions of fact, a defendant is under no obligation to speed the trial, and cannot be charged with neglect if he maintains his position on the defensive, and simply meets issues of law or of fact as the plaintiff regularly calls them up for hearing." *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339.

In *State ex rel. Dawson v. Superior Court, supra,* this court stated:

"In order to invoke this rule, a defendant must remain passive, and not do, or cause to be done, anything to prevent the plaintiff from bringing the action on for trial."

The contention of plaintiff, John McB. Meade, that he is excused from a compliance with the rule, is based on the grounds that the neglect was caused by relators, and that the findings of the trial court to that effect is conclusive against relators. His position is that an offer of settlement had been pending for some time and those negotiations implied an agreement that the prosecution of the case should be stayed.

In order to ascertain the effect the actions of the respective parties had upon the failure to note the case for trial, it is necessary to refer to the complaint, answer, and certain other documents filed at the time the motion to dismiss was considered.

The action instituted by plaintiff, John McB. Meade, was for the purpose of correcting alleged improper actions of the board of directors of relator company relative to stock

transactions and actions concerning the cancellation of a large indebtedness due the company.

The answer of defendants here put in issue the allegations of the complaint.

The authorized capital stock of the company was 500,000 common shares, having a par value of ten dollars each. Plaintiff owned five and his father owned 8,850 shares of stock. In addition, Mr. John A. Meade, Sr., had a claim against the company of approximately seventy-five thousand dollars.

The affidavits presented at the time the motions to dismiss were considered show that the negotiations relative to the proposed settlement or sale of the stock of plaintiff and his father started during the month of July, 1942, and continued to a date not later than July, 1943.

The various letters written by counsel and the oral conferences as shown by the affidavits do no more than indicate a desire to settle the law suit. The offers, if they may be termed such, always related to the sale of the stock owned by plaintiff and his father and had nothing to do with the merits of the pending action. We are unable to hold that the relators, in considering the offers of sale submitted by plaintiff, waived their right to have the case dismissed.

A plaintiff cannot, by making an offer of settlement, extend the time for bringing his case on for trial. Plaintiff is the attacking party and must by prompt action comply with the rule under consideration. The rule adopted by this court is mandatory. *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246; *Craig v. Clearwater Concentrating Co.,* 21 Wn. (2d) 530, 151 P. (2d) 513.

Respondent argues that relators' failure to file their answer timely excuses the delay of plaintiff and bases this contention upon a rule adopted by the superior court of King county. The rule in question is shown by the following letter addressed to the clerk of the superior court:

"Notice to Carroll Carter, Clerk of the Superior Court: July 22, 1938.

"At the meeting of the Judges today, I am directed to instruct you that hereafter, in conformity with Rule V,

Section 3, and Rule VIII, of the Rules of the Superior Court for King County, you refuse to place upon the calendar notes for trial in any case in which both the complaint and answer are not on file. Yours very truly, (Signed) Robert M. Jones, Presiding Judge."

There is no merit in this contention. In the *Clearwater* case, just cited, this court held that a defendant was under no obligation to file his answer. Plaintiff in this action could not take refuge behind a local court rule, though it be a proper one as adopted by the superior court. If plaintiff had decided to comply with Rule 3 of this court, he could have compelled defendants to file their answer or suffer default. Plaintiff did not act promptly and must suffer the consequences.

Finally, it is contended that respondent's action must be upheld because the trial court found that there was an implied agreement between counsel that the prosecution of the action would be suspended during the negotiations for settlement.

There are no findings of fact in the record. We presume that counsel referred to the memorandum opinion of the trial court which was alluded to in the order of dismissal. The order was as follows:

"This matter came before the court upon the motion of the defendants that the above entitled action be dismissed without prejudice for want of prosecution, and the court having considered the affidavits filed in support and in opposition to said motion, and having heard arguments of respective counsel for the parties hereto upon the law and the facts, and having thereafter taken the matter under advisement, and having thereafter, on the 15th day of November, 1944, filed herein its memorandum opinion, reference to which is hereby made as though the same were herein set out in full, now by reason of the foregoing

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion of defendants to dismiss this action for want of prosecution be, and the same is hereby denied, and an exception to this ruling is hereby allowed to the several defendants."

We will assume without deciding that the memorandum opinion should be considered as findings of fact. The finding of the trial court, however, is not in any way

binding upon us. The trial court determined the case upon affidavits and written exhibits which have been made a part of the record before us. That court depended, as we do, upon written records and did not have the advantage of seeing and listening to witnesses.

Respondent calls our attention to *State ex rel. Seattle v. Superior Court,* 6 Wn. (2d) 540, 108 P. (2d) 342, with the contention that it governs this case, in that it held that the decision of the trial court was conclusive and binding upon this court.

In the cited case, the only affidavit presented to the trial court was that mentioned in the third paragraph of our opinion and had no relation to the merits of the motion. The record indicated that a hearing was had upon the motion. We are not advised whether the hearing was oral or was upon affidavits.

When the cause came to us, the parties did file affidavits in this court, touching upon the merits. We refused to consider the new affidavits and correctly decided upon the facts there presented that we are bound by the findings of fact made by the trial court.

The record and facts in this and the case to which we have just referred are entirely different. Hence, the *Seattle* case is of no aid in deciding this one.

We hold that plaintiff violated the provisions of Rule 3 of the Rules of Practice, and that the relators were without fault. The order is reversed, and a writ commanding the trial court to enter an order dismissing the action will issue.

MILLARD, BLAKE, ROBINSON, and MALLERY, JJ., concur.

GRADY, J. (dissenting)—I do not agree with the conclusion reached in the majority opinion. Rule 3, Rules of Practice, provides as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to

dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

The rule is not applicable where the failure to bring a case on for trial or hearing has been caused by the party who makes the motion to dismiss. This is based on the principle that one cannot take advantage of his own wrong.

During the pendency of the action of McB. Meade et al. v. Pacific Fruit and Produce Company, Inc., et al., a rule of the superior court of Washington for King county was in force which provided that no case should be put on the trial calendar by the clerk unless both the complaint and answer were on file. The complaint in the case was filed August 26, 1943. The answer was filed November 1, 1944.

Prior to this latter date, it would have been an idle and useless act for the plaintiff to have noted the action for trial, because it would not have been placed on the trial calendar. Neither the statutes nor the rules of court furnish any specific remedy in case the defendant serves an answer upon a plaintiff but fails to file it in the office of the county clerk. However, I do not think a plaintiff, in order to escape the penalty of dismissal of his action, should be called upon to institute proceedings to compel a defendant to file his answer. In the absence of a rule like that in force in King county, all he needs to do is to note a case for trial and it is placed on the trial calendar and the trial proceeds in due course even if the answer is never filed, but this could not have taken place in the instant case.

What we held in *State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339, relative to the duty of the plaintiff to expedite the trial of an action, was with reference to a situation in which defendant had served a motion to make a complaint more definite and certain. The plaintiff had once noted the motion for hearing, but the setting had been vacated. No further proceedings of record were taken to bring the motion before the court. There was no obstacle in the way of the plaintiff preventing effective action on his part. A similar situation existed in *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246. In that case, both the motion to make more definite and certain and

the demurrer had been served and filed, but the plaintiff took no action to bring them on for hearing. Here there was an impediment which prevented the effectual noting of the case for trial in the form of a valid rule of court, and its existence was caused by the defendants failing to file their answer.

There is no conflict between Rule 3 of this court and the rule of the superior court. Each has a definite purpose to serve. The superior court rule is designed to discourage the failure of parties to file their pleadings and to deny their cases a place on the trial calendar if they fail to do so.

Our rule requires a dismissal of an action for want of timely prosecution unless the failure to do so was caused by some action or omission of the other party. What the superior court rule effectually does is to prevent a defendant who does not file his answer from invoking our Rule 3.

The application for a writ of mandamus should be denied.

BEALS, C. J., STEINERT, and JEFFERS, JJ., concur with GRADY, J.

