PROVISIONAL GOVERNMENT OF THE
FRENCH REPUBLIC v. TOWER'S
WAREHOUSE, Inc.

United States District Court
S. D. New York.
Feb. 9, 1951.

292

Max J. Gwertzman, New York City, for plaintiff.

Hill, Rivkins & Middleton, New York City, by (Meyer Levy, Gregory S. Rivkins, Joseph T. McGowan, all of New York City, of counsel), for defendant.

WEINFELD, District Judge.

In this action to recover the value of property stored in defendant's warehouse pursuant to a bailment contract and destroyed allegedly by reason of defendant's negligence, plaintiff has raised objections to interrogatories served by the defendant.

Interrogatories are designed to discover evidence for possible use at the trial, and, by narrowing the issues, to expedite the trial. Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635. The range of inquiry permitted by Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A., is governed by the limitation that the matters be relevant to the subject matter of the action, and the standard of relevancy contemplated is not used in the sense of admissibility of evidence at a trial. U. S. v. Columbia Steel Co., D.C., 7 F.R.D. 183; Gutowitz v. Pennsylvania R. Co., D.C., 7 F.R.D. 144. A test is whether the testimony sought may reasonably be expected to lead to the discovery of admissible evidence, Rule 26(b) of the Rules of Civil Procedure.

Plaintiff objects to interrogatories 2(e), 2(f) and 2(g) on the ground of irrelevancy. The said interrogatories concern the relationship between plaintiff and the seller from whom it acquired the goods and whether the seller was the agent of plaintiff. Defendant's answer raises the issue of ownership, so plainly these matters are relevant, and the interrogatories are proper.

The remaining exceptions concern interrogatories 5, 6, 7 and 8 which relate to storage, packing and transportation of the articles prior to delivery to defendant. Plaintiff excepts to these interrogatories on the ground that the warehouse receipts issued by defendant indicate that the property was received in good condition. Defendant contends that the receipts merely state that the articles were in apparent good condition when received but that no examination of the contents was made. The information sought might be useful to the defendant as a means of discovering evidence of the condition and value of the property, and these matters are relevant to the subject matter of the action. However, inquiry will not be permitted as to details prior to the time when the goods were last stored, packed and transported before delivery to defendant. Since plaintiff must prove that the articles were in good condition at the time of delivery, information as to their condition prior to the period indicated is not relevant.

Settle order on notice.