[No. 34179.    Department Two.    September 5, 1957.]

THE STATE OF WASHINGTON, *on the Relation of Elmer Strom,*
*Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

*Wright & Wright,* for appellant.

*A. C. Van Soelen* and *Glen E. Wilson,* for respondents.

FOSTER, J.—Appellant sought by mandamus to compel the Seattle firemen's pension board to award a pension. The trial court denied the writ, and this appeal follows. Only questions of law are presented, for there are no assignments

[1] Reported in 314 P. (2d) 921.

of error directed as to any finding of fact, and they are accepted as verities.

The findings disclose that the appellant was a member of the Seattle fire department from January 1, 1929, until his discharge July 8, 1954, when he was forty-nine years of age. A prior pension application upon the claim of twenty-five years of service was denied because such service lacked forty-two days.

The writ was denied because the board's action was not arbitrary or capricious or based upon a fundamentally wrong principle. The trial court was of the view that mandamus was not available, although he regarded the questions of law as close and debatable.

The last sentence in Laws of 1929, chapter 86, § 10, p. 154, curtails the right of judicial review of the determinations of the pension board. It is:

"Said board shall hear and decide all applications for such relief or pensions under this act, and its decisions on such applications shall be final and conclusive and not subject to revision or reversal except by the board."

Counsel for the city conceded at the bar that if the board had erroneously decided a question of law, such decision might be reviewed by certiorari, while maintaining, without compromise, there could be no judicial review of factual disputes. But this court has frequently treated an application for mandamus or prohibition as a petition for certiorari. *State ex rel. Nielsen v. Superior Court,* 7 Wn. (2d) 562, 110 P. (2d) 645, 115 P. (2d) 142; *State ex rel. Pacific Fruit & Produce Co. v. Superior Court,* 22 Wn. (2d) 327, 155 P. (2d) 1005; *State ex rel. Antonsen v. Superior Court,* 29 Wn. (2d) 725, 189 P. (2d) 219. However, it is not necessary to resolve that controversy here; and we assume, for present purposes, that a mistake of law, as distinguished from an erroneous factual determination, may be reviewed by certiorari.

The rights and liabilities of the parties are controlled by Laws of 1929, chapter 86, p. 144 (Rem. Rev. Stat., §§ 9559-9578), which was repealed by Laws of 1947, chapter 91, p. 581, except as to prior firemen who are defined by

§ 1(11) of that act, as firemen actively employed before January 1, 1947, and who continue such employment. Appellant is a "prior fireman." *Jolly v. Bremerton*, 31 Wn. (2d) 873, 199 P. (2d) 587, decided that the rights of prior firemen were governed by the earlier law.

The applicable portion of Laws of 1929, chapter 86, § 2, p. 145, is as follows:

"Whenever any person, at the time of taking effect of this act, or thereafter, shall have been duly appointed and has served for a period of twenty years or more and shall have reached the age of fifty-five (55) years as a member in any capacity of the regularly constituted fire department of any such city or town which may be subject to the provisions of this act, the board shall be empowered to order and direct that such person may be retired from such fire department, and the board shall retire any member so entitled as hereinabove provided for, upon his written request for same, and such member so retired shall be paid from such fund a monthly pension which shall be equal to fifty percent of the amount of salary received by such retired member at the date of such retirement."

That grants a pension to discharged firemen who have served twenty years, but requires that such firemen shall also have attained the age of fifty-five years. The undisputed finding here is that at the time the appellant was but forty-nine years of age.

Appellant's pension claim is rested upon Laws of 1929, chapter 86, § 9, p. 152, which is as follows:

"No person who has resigned or been dismissed from such fire department shall be deemed entitled to any relief or pension from said fund, except in cases where such person has rendered twenty years of service in such fire department, or where disability exists which was incurred while in the performance of, or as the result of his duty or duties as defined in this act."

Appellant's argument is that under Laws of 1929, chapter 86, § 9, p. 152, he is obliged to prove only two propositions: " (1) That he resign or be dismissed from the the fire department; and (2) That at the time of such resignation or dismissal he must have rendered at least twenty (20) years of service in such fire department. . . ." On the other

hand, counsel for the city insist that he must also have reached age fifty-five.

█ Section 9 does not authorize the granting of a pension to anyone. Only Laws of 1929, chapter 86, §§ 2 and 3 authorize pensions. Section 3 may at once be put aside because it deals only with pensions as a result of disability. We are concerned solely with § 2, the requirements of which are twenty years of service and attainment of age fifty-five. Section 9, in any event, does not grant a pension, but is, on the other hand, only a limitation upon the right.

██ The section declares that no dismissed fireman shall be granted a pension unless he has served twenty years. It does not enact that if he has served twenty years he shall be entitled to a pension. To so construe the section, would write into it language which the legislature omitted. This court cannot make laws. *Fix v. Fix*, 33 Wn. (2d) 229, 204 P. (2d) 1066. The trial court correctly decided that appellant does not come within the terms of the statute granting a pension.

The judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.