[No. 36621. Department One. October 18, 1962.]

DONALD TUSCHOFF et al., *Respondents,* v. CHESTER A. WESTOVER et al., *Relators,* THE SUPERIOR COURT FOR ASOTIN COUNTY, *Thomas G. Jordan, Judge, Respondent.*\*

*Sharp & Bishop,* by *Emerson C. Bishop, Jr.,* for relators.

*S. Dean Arnold,* for respondents.

FOSTER, J.— This is an original petition for a writ of prohibition, notwithstanding that findings of fact, conclusions of law and a judgment have been entered which makes certiorari the appropriate device. This court has traditionally regarded substance rather than form, and has treated any application as proper irrespective of the writ asked. A complete transcript of the clerk's record has been

\*Reported in 375 P. (2d) 254.

furnished by the relators, and the respondents have filed a statement of facts certified to contain all of the matters not already part of the record. The record thus brought here is as complete as could be obtained under a writ of certiorari, and we now proceed to consider the errors assigned.[1]

The complaint alleged an oral lease of real property and a written lease of personal property, which was bowling alley equipment. The complaint alleged a breach of the written lease of the personal property and claimed an attorney's fee pursuant to the terms of the written lease.

The answer denied there was any rent due on the real property but admitted default in the bowling alley lease. The court found that there was default in payments due under the written lease of the personal property but did not so find with respect to the rent of the real property. Nevertheless, judgment was rendered for double the amount due under the personal property lease and an attorney's fee under the same instrument in the sum of $500, but there was no judgment for rent of the real property. The action was brought, however, for unlawful detainer. The summons used is the one especially provided exclusively for such actions by RCW 59.12.070.[2]

The return day specified in the special unlawful detainer summons is June 26, 1962. It was served with the complaint on June 20, 1962. On June 26, 1962, the relators here, defendants in the superior court, answered. On June 26, 1962, over the objection of the relators, the court proceeded

---

[1] *State ex rel. Strom v. Seattle*, 50 Wn. (2d) 858, 314 P. (2d) 921; *State ex rel. Antonsen v. Superior Court*, 29 Wn. (2d) 725, 189 P. (2d) 219; *State ex rel. Pac. Fruit & Produce Co. v. Superior Court*, 22 Wn. (2d) 327, 155 P. (2d) 1005; *State ex rel. Nielsen v. Superior Court*, 7 Wn. (2d) 562, 110 P. (2d) 645, 115 P. (2d) 142; Feigenbaum, Interlocutory Appellate Review Via Extraordinary Writ, 36 Wash. L. Rev. 1, 2, note 4 (Spring, 1961).

[2] ". . . A summons must be issued as in other cases, returnable at a day designated therein, which shall not be less than six nor more than twelve days from the date of service, except in cases where the publication of summons is necessary, in which case the court or judge thereof may order that the summons be made returnable at such time as may be deemed proper, and the summons shall specify the return day so fixed." RCW 59.12.070.

to try the case on the merits, notwithstanding the repeated objections of the relators and their motion for a trial by a jury which the court overruled.

Thus, it is obvious that the dispute is over the default in the payment of delinquent installments under a lease of personal property, and not over the default in the payment of the rent of the real property which, significantly, the court did not find was unpaid.

Article 1 § 21 of the state constitution, provides that the right to trial by jury shall remain inviolate.[3]

The unlawful detainer statute specifically provides for a jury in unlawful detainer actions.[4]

RCW 4.44.100 provides for a jury demand at any time prior to the time the case is called for setting.[5]

RCW 4.44.020 provides for the noting of a case for trial upon three days' notice.[6]

---

[3]"The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto." Art. 1 § 21.

[4]"Whenever an issue of fact is presented by the pleadings it must be tried by a jury, unless such a jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in the court in which the action is pending; and in all cases actions under this chapter shall take precedence of all other civil actions." RCW 59.12.130.

[5]"In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. Unless such statement is filed and a jury fee paid as provided by law, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court: *Provided,* That, in the superior courts of counties of the first class such parties shall serve and file such statement, in manner herein provided, at any time not later than two days before the time the case is called to be set for trial. [1961 c 304 § 2; 1909 c 205 § 1; 1903 c 43 § 1; RRS § 316. FORMER PART OF SECTION: Code 1881 § 248 now in RCW 4.48.010.]" RCW 4.44.100.

[6]"At any time after the issues of fact are completed in any case by the service of complaint and answer or reply when necessary, as herein provided, either party may cause the issues of fact to be brought on for trial, by serving upon the opposite party a notice of trial at least

■ Thus it is, on the face of the record, that the case was never noted for trial. The court, over the objections of the relators, proceeded to trial at ten-thirty in the forenoon of the return day. The case could not have been noted for trial except upon three days' notice after answer, during which interval the relators had the right to file a demand for jury and make the jury deposit. The action of the trial court in prematurely trying the case without notice renders the judgment subsequently entered a nullity.

*Young v. Riley*, 59 Wn. (2d) 50, 365 P. (2d) 769, called attention to the fact that the sole purpose of the statutory unlawful detainer action is to preserve the peace and that the superior court in such proceedings sits as:

" . . . a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues. . . ."

However, we need not decide whether the claimed default under the written lease of the personal property may be tried in an unlawful detainer action.

Nor was there a motion under the summary judgment device provided by Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, which requires a ten-day notice.

The judgment is a nullity because of the premature trial of the case over relators' objection without noticing it for setting as required by law.

The judgment is vacated and the case remanded with directions to afford the relators an opportunity to file a jury demand after the service of the three-day notice of

three days before any day provided by rules of court for setting causes for trial, which notice shall give the title of the cause as in the pleadings, and notify the opposite party that the issues in such action will be brought on for trial at the time set by the court; and the party giving such notice of trial shall, at least three days before the day of setting such causes for trial file with the clerk of the court a note of issue containing the title of the action, the names of the attorneys and the date when the last pleading was served; and the clerk shall thereupon enter the cause upon the trial docket according to the date of the issue." RCW 4.44.020.

the setting of the case for trial. The trial may then proceed in an orderly fashion.

Relators shall recover costs.

FINLEY, C. J., HILL, WEAVER, and OTT, JJ., concur.