[No. 46029-3-I. Division One. October 1, 2001.]

THE CITY OF SEATTLE, *Petitioner*, v. JASON S. KEENE, ET AL., *Respondents*.

---

[15] *State v. Gill*, 103 Wn. App. 435, 443, 13 P.3d 646 (2000).

[16] (Emphasis added.)

*Mark H. Sidran, City Attorney,* and *Moses F. Garcia, Assistant,* for petitioner.

*George L. Bianchi* (of *The Bianchi Law Firm*), for respondents.

ELLINGTON, J. — A statutory writ of certiorari may be granted only when an inferior tribunal has exceeded its jurisdiction or acted illegally, and there is no adequate remedy at law.[1] We granted discretionary review in this matter to reconcile confusion in the case law as to whether the writ is available to correct errors of law. It is, and we reject the statement in *State v. Epler*[2] to the contrary. Because the superior court judge relied upon *Epler*, we remand.

## FACTS

Jason Keene was charged in Seattle Municipal Court with driving while under the influence (DUI). The charge

[1] RCW 7.16.040.

[2] 93 Wn. App. 520, 969 P.2d 498 (1999).

was based in part on a breath test blood-alcohol reading from a Datamaster device. The Datamaster used software designed by National Patent Analytical Systems, Inc. (National), an Ohio corporation. Keene obtained and served a subpoena duces tecum requiring National to produce the software and other related materials. National did not respond, except to send a letter to the court to the effect that it had provided the software to defense counsel in the past and was willing to do so again, on condition of a protective order and reimbursement for associated expenses.

Before the Honorable George Holifield, the City took the position that National had responded to the subpoena by virtue of the letter. Keene objected to any protective order. Both parties requested a show cause hearing to determine whether the corporation should be held in contempt. On grounds such a hearing would waste the court's time,[3] the court refused to order a show cause hearing, and summarily found the corporation in contempt. As a sanction for the corporation's contempt, the court granted Keene's motion to suppress the breath test evidence.

Proposed findings and conclusions regarding contempt were filed but never signed; no order was ever entered. The court never ruled on the City's motion for reconsideration. No finding was entered that the suppression order effectively terminated the case, so appeal was not available under RALJ 2.2(c)(2). The City petitioned for a statutory writ of review. The superior court denied the petition.

## DISCUSSION

We granted review to resolve an apparent conflict between our decision in *City of Mount Vernon v. Mount Vernon Municipal Court*[4] and a decision of Division Three in *State*

---

[3] Although the particulars are unclear, the record indicates this was not the first such matter involving National to come before the judge.

[4] 93 Wn. App. 501, 973 P.2d 3 (1998).

*v. Epler.*[5] We must also discuss a Division Two case, *Washington Public Employees Ass'n v. Washington Personnel Resources Board,*[6] which is directly on point. In addition, after we granted review, the Supreme Court decided another relevant case, *Commanda v. Cary.*[7]

 The writ of review in question is statutory. RCW 7.16.040 provides:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Thus the superior court may grant a writ of review only if the lower tribunal exceeded its jurisdiction or acted illegally, and there is no appeal or adequate remedy at law.[8]

In *State v. Epler*, a defendant sought a writ of review after the district court refused to dismiss under CrRLJ 8.3(b). Such a motion will rarely be a proper subject for a writ, since CrRLJ 8.3 applies only to criminal cases and there is always a right of appeal from conviction.[9] The *Epler* court held the availability of an adequate remedy at law precluded the writ:

> The fact that an appeal will not lie directly from an interlocutory order is not a sufficient basis for a writ of review if there is an adequate remedy by appeal from the final judgment. . . .
>
> . . . .

---

[5] 93 Wn. App. 520.

[6] 91 Wn. App. 640, 959 P.2d 143 (1998).

[7] 143 Wn.2d 651, 23 P.3d 1086 (2001).

[8] *See Commanda*, 143 Wn.2d at 655 (citing *City of Seattle v. Williams*, 101 Wn.2d 445, 454, 680 P.2d 1051 (1984)).

[9] *See* RALJ 2.2(a).

The denial of a CrRLJ 8.3(b) motion to dismiss is routinely reviewed on appeal from the final judgment.[10]

Although the *Epler* court decided the writ was precluded because an adequate remedy existed, the court first analyzed whether Epler had satisfied the threshold for a writ, which it characterized as exclusively a matter of jurisdiction:

> Mr. Epler's affidavit . . . did not even allege lack of jurisdiction. He complained only that the district court committed a clear error at law. This is not enough.
>
> The threshold for a discretionary writ is not whether the district court committed error of law, but whether the court had jurisdiction to decide the motion. If the court has subject matter jurisdiction, a *merely erroneous ruling is not an act in excess of the court's jurisdiction*, and therefore no writ lies. The *court's exercise of its discretion is not reviewable by extraordinary writ*.[11]

This discussion in *Epler* is dicta. It is this proposition, however—that a merely erroneous ruling is not a proper subject for a writ of review—upon which the superior court judge here relied.

*Mount Vernon*[12] presented essentially the opposite scenario. There, the prosecuting authority sought interlocutory review of an order suppressing evidence. The court observed:

> When a municipal court enters an order suppressing evidence, the City has no right to a RALJ appeal unless the trial court expressly finds that the practical effect of the order is to terminate the case. But the City may apply to the superior court for review of the municipal court's interlocutory ruling by writ of review. . . . We can discern no tenable reason for the superior court's decision to quash the writ.[13]

Factually, this result is easily reconciled with *Epler*, since

---

[10] *Epler*, 93 Wn. App. at 525.

[11] *Epler*, 93 Wn. App. at 524 (emphasis added) (citations omitted).

[12] *Mount Vernon* was decided a few days before *Epler*, but was not ordered published until later. Neither case discusses the other.

[13] *Mount Vernon*, 93 Wn. App. at 508-09 (footnotes omitted).

unlike a criminal defendant, a prosecuting authority has no assurance of an opportunity to appeal an order suppressing significant evidence. *Mount Vernon* is inconsistent with *Epler*, however, if *Epler*'s discussion of the grounds for writs of review is correct. While the *Mount Vernon* court engaged in no discussion of the test for granting a writ, its implicit rationale is that a writ lies when a court commits error of law and there is no other adequate remedy. This invokes the "acting illegally" ground for the writ.

In the only decision discussing the "acted illegally" ground for review, Division Two held that a court acts illegally when it misinterprets statutory law. In *Washington Public Employees Ass'n v. Washington Personnel Resources Board (WPEA)*,[14] the court considered whether the Personnel Board acted illegally when it misinterpreted substantive law. Finding the phrase "acted illegally" susceptible to multiple interpretations, the court observed that one legislative purpose for the writ was to protect against administrative injustice by providing review by writ where a tribunal has made a substantive legal error: "Thus, the intent of the legislation is best furthered by interpreting 'illegality' to include errors of law and allow review where an inferior tribunal exercising quasi-judicial functions allegedly has made a legally erroneous ruling and there is no other adequate remedy."[15] Observing that "acting illegally" cannot mean merely acts exceeding the court's jurisdiction, because such a reading would render the statutory language redundant, the court found that it would be inconsistent with "the full appellate review afforded by RCW 7.16.120 to preclude statutory certiorari because a petitioner alleged only an error of law."[16]

The court also found its interpretation consistent with RCW 7.16.120, which provides factors for courts to consider after granting a writ of review:

---

[14] 91 Wn. App. 640.

[15] *WPEA*, 91 Wn. App. at 653.

[16] *WPEA*, 91 Wn. App. at 654.

(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.

(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.

(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.

(5) Whether the factual determinations were supported by substantial evidence.

As the *WPEA* court points out, the third factor directly implicates error of law.[17]

We have closely examined the statute and the writ cases to discern which analysis is correct. We conclude that *Epler* is inconsistent with long-standing Supreme Court case law. In addition, *Epler* relies exclusively upon cases discussing the writ of prohibition, which has a different purpose and character, a different statute, and a different history.

For the proposition that error of law is not a basis for the writ of review, the *Epler* court relies upon four cases: *State ex rel. New York Casualty Co. v. Superior Court*,[18] *State ex rel. O'Brien v. Police Court*,[19] *State ex rel. Panos v. Superior Court*,[20] and *State ex rel. Moore v. Houser*.[21] Each of these cases involves writs of prohibition rather than writs of certiorari. Only one of these cases mentions the writ of review.

In *New York Casualty*, a defendant challenged the suffi-

---

[17] *WPEA*, 91 Wn. App. at 654. Neither *Epler* nor *Mount Vernon* cites *WPEA*, although *Mount Vernon*'s implicit analysis is consistent with it.

[18] 31 Wn.2d 834, 199 P.2d 581 (1948).

[19] 14 Wn.2d 340, 128 P.2d 332 (1942).

[20] 188 Wash. 382, 62 P.2d 1098 (1936).

[21] 91 Wn.2d 269, 588 P.2d 219 (1978).

ciency of the evidence at the end of plaintiff's case; at the invitation of the trial judge, plaintiff moved for voluntary nonsuit. Defendant sought a writ prohibiting the judge from entering the nonsuit. The Supreme Court considered the purposes of the writ of prohibition ("to prevent a tribunal . . . from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction"), and reiterated that such a writ "will not issue to prevent the commission of mere error, . . . *nor to perform the office of a writ of review for the correction of error.*"[22] Because the court had jurisdiction to rule on the motion, the court denied the writ.

*O'Brien* was similar. O'Brien sought a writ of prohibition to restrain a judge of the Seattle Police Court from taking further action in a criminal case in which proceedings had previously been either dismissed or stricken for lack of prosecution. The court stated the same statutory test for the writ—whether there was an absence or excess of jurisdiction, and whether there was an adequate remedy at law.[23] The court held that any error in ruling on the court's continuing jurisdiction to try O'Brien was not an act in excess of the tribunal's jurisdiction, because the Police Court was faced with the question and had jurisdiction to decide it; further, assuming the Police Court did not have jurisdiction over O'Brien, he had an adequate remedy on appeal.[24]

In *Panos*, defendants in a collection action sought a writ to prohibit the superior court from appointing a receiver. Stating that on application for a writ of prohibition "the only question to be determined is that of the jurisdiction of the superior court, as no question concerning the exercise of the court's discretion will be considered,"[25] the court held

---

[22] *New York Cas.*, 31 Wn.2d at 838-39 (emphasis added).

[23] *O'Brien*, 14 Wn.2d at 344-45.

[24] *O'Brien*, 14 Wn.2d at 346.

[25] *Panos*, 188 Wash. at 385.

the trial court had jurisdiction to appoint a receiver, and denied the writ.[26]

In *Moore*, the petitioner sought a writ to prohibit proceedings in Renton Municipal Court after the speedy trial rule had been violated. The court held the remedy of later appeal inadequate, and granted the writ. The court discussed neither jurisdiction nor error of law. But the *Moore* court engaged in review of legal error: "[U]nder the facts of this case *extraordinary relief is proper to review the denial of a motion to dismiss* for violation of JCrR 3.08 [the speedy trial rule]."[27] *Moore* is thus one of a long line of cases in which the court, faced with a writ of prohibition or mandamus that should properly have been a writ of certiorari, has treated the writ as such—and has engaged in review of error of law.[28]

As the *New York Casualty* court recognized, the writ of prohibition has a purpose entirely different from that of a writ of review. The writ of prohibition is "the counterpart of the writ of mandate. It arrests the proceedings of any tribunal . . . when such proceedings are without or in excess of the jurisdiction of such tribunal . . . ."[29] and may be issued "where there is not a plain, speedy and adequate remedy in the ordinary course of law."[30] The writ of mandamus issues to compel the performance of an act "which the law especially enjoins as a duty."[31] Neither a writ of mandate nor a writ of prohibition is authorized to correct errors of law. The

[26] *Panos*, 188 Wash. at 386.

[27] *Moore*, 91 Wn.2d at 274 n.2 (emphasis added) (internal quotation marks omitted).

[28] *See Tuschoff v. Westover*, 60 Wn.2d 722, 722, 375 P.2d 254 (1962) ("This is an original petition for a writ of prohibition, notwithstanding that . . . certiorari [is] the appropriate device. This court has traditionally regarded substance rather than form, and has treated any application as proper irrespective of the writ asked."); *see also State ex rel. Strom v. City of Seattle*, 50 Wn.2d 858, 859, 314 P.2d 921 (1957) ("But this court has frequently treated an application for mandamus or prohibition as a petition for certiorari. However, it is not necessary to resolve that controversy here; and *we assume, for present purposes, that a mistake of law, as distinguished from an erroneous factual determination, may be reviewed by certiorari*." (emphasis added) (citations omitted)).

[29] RCW 7.16.290.

[30] RCW 7.16.300.

[31] RCW 7.16.160.

writ of review, on the other hand, is for just that purpose. While the writs are similar, the statutes differentiate the grounds upon which the various writs are authorized; only the writ of review statute includes the ground "acting illegally," and only the writ of review statute sets forth the questions to be determined in deciding the merits (including "[w]hether . . . any rule of law . . . has been violated").[32]

Numerous decisions have employed the statutory writ of certiorari to correct substantive legal error by an inferior tribunal. In a large category of cases, review of quasi-judicial administrative proceedings is available only by writ; in these cases, courts do not pause to discuss whether review for substantive error is appropriate, but simply conduct the review.[33] These cases rarely involve review of interlocutory rulings, however, so we will look to those that do, to discern whether a separate judicial rule has been created for such cases.

Several Supreme Court cases have discussed and granted interlocutory review of erroneous rulings under the statutory writ. In *State ex rel. Gebenini v. Wright*,[34] the superior court denied a writ prohibiting the State Patrol from conducting a hearing on an officer's suspension. The officer

---

[32] RCW 7.16.120(3).

[33] *See, e.g., Hayes v. City of Seattle*, 131 Wn.2d 706, 713, 934 P.2d 1179, 943 P.2d 265 (1997) (addressing, for purposes of res judicata, the elements of a statutory writ under RCW 7.16.120, including error of law); *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 29, 891 P.2d 29 (1995) (on statutory writ of certiorari to review land use decision, court determines questions of law de novo, citing RCW 7.16.120(3)); *Dillon v. Seattle Police Pension Bd.*, 82 Wn. App. 168, 171, 916 P.2d 956 (1996) ("On appeal from an administrative decision reviewed by writ of certiorari, this court must determine de novo . . . whether the Seattle Police Pension Board committed an error of law. . . ."); *Castle Homes & Dev., Inc. v. City of Brier*, 76 Wn. App. 95, 103, 882 P.2d 1172 (1994) (on statutory writ of certiorari, court will reverse if judgment affected by error of law); *Van Sant v. City of Everett*, 69 Wn. App. 641, 647, 849 P.2d 1276 (1993) (same); *Phillips v. City of Seattle*, 51 Wn. App. 415, 422, 754 P.2d 116 (1988) (same), *aff'd*, 111 Wn.2d 903, 766 P.2d 1099 (1989); *see also Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 250, 724 P.2d 1110 (1986) (statutory writ of certiorari unavailable to review error of law where proceedings not quasi-judicial in nature); *Concerned Olympia Residents for the Env't v. City of Olympia*, 33 Wn. App. 677, 683, 657 P.2d 790 (1983) (with application for statutory writ of review, petitioner must supply material designating errors of law).

[34] 43 Wn.2d 829, 264 P.2d 1091 (1953).

sought a writ of certiorari in the Supreme Court. The court granted the writ, and addressed whether the lower court erred in refusing to issue a writ of prohibition. The issue, as framed by the parties and as discussed by the court, was whether the State Patrol's disciplinary procedures were consistent with statute; the court held they were: "The statutes do not require the chief to make an election of one method of discipline to the exclusion of the other."[35] Thus, on writ of certiorari, the court determined whether the lower court acted illegally by making a substantive legal error in refusing the writ of prohibition.

In *Bushman v. New Holland Division of Sperry Rand Corp.*,[36] the court granted statutory certiorari to review an alleged error in a pretrial discovery order. The court observed that such a writ would not ordinarily be entertained, because remedy by appeal is generally adequate. Citing *Gebenini*, however, the court stated: "[T]he issuance of a writ of certiorari is to some extent discretionary. The reviewing court must retain a measure of latitude in deciding whether to grant certiorari in a particular case."[37] The court applied the test announced in *State v. Whitney*[38] to determine whether to grant the writ: whether the alleged error is likely to recur, and whether it involves a " 'patently erroneous construction of a statute' " by which the prosecution has been deprived of an accepted, useful, and reliable means of proof.[39] The *Bushman* court found this test satisfied. In passing, the court observed: "This court has previously granted extraordinary relief to review pretrial discovery orders. . . ."[40]

In the case most often cited in this area, *City of Seattle v.*

---

[35] *Gebenini*, 43 Wn.2d at 833.

[36] 83 Wn.2d 429, 518 P.2d 1078 (1974).

[37] *Bushman*, 83 Wn.2d at 432 (citation omitted).

[38] 69 Wn.2d 256, 260-61, 418 P.2d 143 (1966). It is unclear from the opinion whether the *Whitney* court granted certiorari under RCW 7.16.040.

[39] *Bushman*, 83 Wn.2d at 432 (quoting *Whitney*, 69 Wn.2d at 261).

[40] *Bushman*, 83 Wn.2d at 432 (discussing cases).

*Williams*,[41] the court upheld the granting of a writ for interlocutory review of a municipal court order denying a jury trial. The court found the municipal court erred in concluding petitioners had knowingly waived a jury trial, and remanded.

The *Williams* court's discussion centered on two points: first, whether the lower courts correctly decided the question of jury waiver; and second, the effect of adoption of the then-recent "Rules for Appeal of Decisions of Courts of Limited Jurisdiction [RALJ] on the availability of statutory writs as a method of review of interlocutory decisions by courts of limited jurisdiction."[42] The court noted that before adoption of the RALJ, appeals from lower courts were conducted de novo in superior court, and interlocutory rulings were therefore never reviewable on appeal and could be reviewed only by interlocutory writ. The RALJ create a right of appeal on the record, but the rules specifically retain statutory writs.[43] The court held "the only method of review of *interlocutory* decisions in courts of limited jurisdiction is still the statutory writ."[44]

Observing that "[o]ften it will be much quicker and less costly for all concerned to appeal an interlocutory decision after the case has been tried than to seek review by statutory writ," the court held that "[s]ince the RALJ provides a 'speedy and adequate remedy at law' in most instances, we conclude that statutory writs should be granted sparingly when used as a method of review of interlocutory decisions of courts of limited jurisdiction."[45] For determining when to grant such writs despite the

---

[41] 101 Wn.2d 445, 680 P.2d 1051 (1984).

[42] *Williams*, 101 Wn.2d at 453.

[43] *See* RALJ 1.1(b).

[44] *Williams*, 101 Wn.2d at 455 (emphasis added).

[45] *Williams*, 101 Wn.2d at 455.

availability of later appeal, the court adopted guidelines from *State v. Harris.*[46]

The *Williams* court's discussion and holding involve a question of substantive legal error, not jurisdiction. At no point in its discussion did the *Williams* court (or the *Bushman* or *Gebenini* courts, for that matter) suggest that errors of law are not reviewable by way of statutory writ.

In its recent decision in *Commanda v. Cary,*[47] the court considered whether a statutory writ was available for review of a pretrial challenge to the DUI sentencing scheme. Citing *Gebenini* and *Williams,* the court stated the writ is available only if the district court exceeded its jurisdiction or acted illegally, and there is no appeal or adequate remedy at law.[48] In describing the City's arguments against the writ, however, the court discussed and quoted from *Epler,* and made the following statement (for which the court cited *Epler*): "If the court has subject matter jurisdiction, a merely erroneous ruling is not an act in excess of the court's jurisdiction, and therefore no writ lies."[49] The court's discussion of *Epler* appears entirely in its description of the parties' arguments; the question of reviewability of errors of law never arose. The court held the writ did not lie because a RALJ appeal was an adequate remedy at law. *Commanda*'s references to *Epler* thus do not resolve the issues before us, and given *Commanda*'s reliance on *Williams* and *Gebenini,* its discussion of *Epler* is clearly dicta.

The circumstances here are governed not by *Epler,* but by *Williams* and *Bushman.* Two questions are presented:

---

[46] 2 Wn. App. 272, 280-81, 469 P.2d 937 (1970) ("We are tempted to announce the rule that the remedy by appeal is inadequate whenever it appears inequitable to require the litigants to proceed through a lengthy, expensive trial which, if the present state of the case were allowed to continue, would mean an unquestioned reversal and termination of the entire litigation when appealed after the trial."). The *Harris* guidelines contemplate that the party seeking interlocutory review will later have full appeal rights; they may thus be of little help where a prosecuting authority seeks review.

[47] 143 Wn.2d 651, 23 P.3d 1086 (2001).

[48] *Commanda,* 143 Wn.2d at 655.

[49] *Commanda,* 143 Wn.2d at 656.

whether the act sought to be reviewed is legally erroneous, and whether there is an adequate remedy by way of appeal. The superior court judge ruled that: "Judge Holifield acted . . . within his jurisdiction. . . . [A] merely erroneous ruling is not an act in excess of the court's jurisdiction."[50] Because this is not the correct test, we cannot affirm on this ground.

The court also held, however, that there was an adequate remedy on appeal. In deciding this question, the court has some discretion,[51] and should determine whether, even if an appeal may lie, review should be granted.[52] Noting that the City could not, in good faith, have sought a finality ruling under RALJ 2.2 because the City could proceed upon an alternate theory, the court ruled that the prosecution had an adequate remedy on appeal:

> Second, . . . I determined that the City is not without any remedy at all. This is simply not the kind of case that ought to be reviewed based on the facts and circumstances that were before Judge Holifield. The City's remedy would be to simply proceed on the alternate remaining prong.
>
> If the jury determines that the defendant is guilty and the defendant determines to appeal that finding, *the City may cross appeal* Judge Holifield's evidentiary rulings. . . .
>
> This is simply not the kind of case to challenge Judge Holifield's ruling. *You need to really wait for a case* where . . . you can request a 2.2 finding and then appeal Judge Holifield's ruling or any other judge that chooses to rule in the manner that Judge Holifield did.[53]

The likelihood of an opportunity for cross-appeal here cannot be discerned on this record, which does not allow us to evaluate the strength of the City's case on the alternate prong referenced by the court. The availability of appeals in other cases raising similar issues does not address the adequacy of the appeal remedy in this case. On this record,

---

[50] Report of Proceedings (Dec. 29, 1999) at 4.

[51] *Gebenini*, 43 Wn.2d at 830.

[52] *Williams*, 101 Wn.2d at 455.

[53] Report of Proceedings (Dec. 29, 1999) at 5 (emphasis added).

therefore, the availability of an adequate remedy other than the writ is unclear.

We are unable to determine what ruling the court would have made had the court understood the writ would lie to correct errors of law. We therefore remand for reconsideration. We do not suggest, by our remand, what ruling the court should make, only that it should be made in consideration of *Williams* rather than *Epler*.

Reversed and remanded.

BECKER, A.C.J., and WEBSTER, J., concur.

After modification, further reconsideration denied November 9, 2001.