JOHN ORTBLAD, ET AL, *Respondents,* v. THE STATE OF WASHINGTON, ET AL, *Appellants.*

*Slade Gorton, Attorney General, Robert F. Hauth, Senior Assistant,* and *William G. Boland, Assistant,* for appellants.

*Richard D. Eadie,* for respondents.

BRACHTENBACH, J.—This case is an outgrowth of our decision in *Ortblad v. State,* 85 Wn.2d 109, 530 P.2d 635 (1975), (*Ortblad* 1). There we held that the State Budget Director was obligated to bargain with state civil service employees on the subject of wages. We remanded the matter to superior court for "further proceedings in mandamus as may be necessary, timely, and appropriate."

Plaintiffs in *Ortblad* 1 and herein are several state employees and a union representing approximately 1,200 state employees. After unsuccessful efforts to negotiate following the remand, the plaintiffs sought a writ of mandamus. The trial court ordered the parties to engage in collective bargaining on the issue of wages, at reasonable times and prior to the submission by the Budget Director to the legislature of any recommendations on employees' salaries.

The State and the Budget Director appeal from the refusal of the trial court to enter a more specific proposed order which would have limited the subject matter of negotiations, put negotiations within a specific time frame and created a mechanism for electing a single representative of all civil service employees for bargaining purposes.

We affirm the trial court but remand for further proceedings consistent with this opinion.

The appeal raises issues as to the subject matter of collective bargaining, whether any agreement reached is binding, the time in which bargaining is to be done and the unit or units with which the Budget Director must negotiate.

The parties have differing views of the meaning of the *Ortblad* 1 decision. In essence the plaintiffs contend that pursuant to that case, bargaining must include the traditional scope of labor negotiations, *i.e.,* wages, including fringe benefits, hours and working conditions. Further they argue that the Budget Director must meet and bargain at all reasonable times. Finally they urge that when an agreement is reached it becomes binding upon the Budget Director and the Governor and must be submitted in that form to the legislature. The State asserts that bargaining is limited to the state employees salary survey, RCW 41.06-.150, that the Budget Director is required to negotiate only after the salary survey is completed, and that negotiations are not binding. Finally the defendants urge that a single representative should negotiate for all civil service employees.

First as to the scope of bargaining. In *Ortblad* 1, we said at page 116:

> We therefore conclude that the appropriate "public employer" for purposes of wage bargaining, is the Budget Director. We find his authority to negotiate in his power to review the plan forwarded by the Personnel Board; and we find his duty to negotiate in the grant of a right which is not otherwise effective.

The source of this power and duty was held to be RCW 41.06.150 which makes the salary survey "subject to approval by the state budget director in accordance with the provisions of chapter 43.88 RCW". That statutory source also sets the scope of the Budget Director's authority in bargaining.

Thus the only subject about which the Budget Director must negotiate and bargain is those matters included

within the salary survey. State civil service employees are entitled to present their views, data and other matters which might bear upon the action ultimately taken by the Budget Director with regard to the salary survey. That is the total scope of bargaining authorized by the statute as interpreted in *Ortblad 1.*

▮ The second issue is whether the negotiations and bargaining must lead to an agreement which is binding upon the Budget Director and the Governor. Plaintiffs contend that the parties must reach an agreement about all items of negotiation, that the Budget Director must accept those and recommend them to the Governor and that the Governor must include them within his or her budget and present it to the legislature. While reaching a written agreement is the usual accomplishment of traditional collective bargaining, we find nothing in the statutory scheme which authorizes the Budget Director to bind himself and the Governor to a fixed position regarding the salary survey. In fact it would be anomalous to allow the Budget Director to reach an agreement which would bind the Governor when the Budget Director serves at the pleasure of the Governor. RCW 43.88.020(3).

To require that a public employer meet, confer and negotiate in good faith without reaching a binding agreement is not without precedent. This was the principle applicable to schoolteachers under RCW 28A.72, as interpreted in *Spokane Educ. Ass'n v. Barnes,* 83 Wn.2d 366, 517 P.2d 1362 (1974). Even where a statute grants a right to organize, RCW 49.32.020, we have held that there is no duty for the employer to negotiate and reach agreement. *International Union of Operating Eng'rs Local 286 v. Sand Point Country Club,* 83 Wn.2d 498, 519 P.2d 985 (1974). Thus we hold that the Budget Director's obligation is to meet, confer and negotiate, but that he is not authorized to enter into an agreement binding upon himself and the Governor.

▮ Next is the question of what is the time period during which the Budget Director must negotiate. The State

sought an order specifying that its duty to negotiate was limited to that time after the Budget Director received the salary survey. The statutes are silent on this point. However, the good faith obligation of the parties includes a duty to meet at reasonable times. What constitutes reasonable times is a fact question. This decision will clarify the scope of the bargaining which has a bearing on what will be reasonable times to meet. The parties, on remand, will have an opportunity to present facts, in light of this opinion, which will enable the trial court to establish a general time frame in which the parties should negotiate. In view of the competing, unresolved interpretations of *Ortblad* 1, the trial court was unable to do this when confronted with the State's motion.

■ Finally, the defendants urge that a single representative be chosen to represent all state civil service employees. They suggest that such representative be selected either by agreement among the employee organizations or through an election conducted by the State Personnel Board. Defendants point out that plaintiff union represents approximately only one–twentieth of all organized state civil service employees. There are a number of other bargaining units, one of which has more than 10 times the membership of plaintiff union but which, from the record, has not asked to negotiate. The Budget Director asserts that fragmented bargaining with multiple units will be difficult especially if done within the limited time he feels is appropriate.

We recognize the practical difficulties inherent in this statutory scheme. Those problems stem from the failure of the legislature to provide a detailed procedural process to implement the right of collective bargaining granted by the civil service law. We agree with the trial court that to fashion the remedy requested by the defendants is strictly a legislative function. Further it would substantially change existing statutory rights of the various bargaining units, again a legislative function.

One point remains. Plaintiffs sought damages and costs, including reasonable attorneys fees. The trial court denied the plaintiffs' claim, but they reassert it here. Plaintiffs, as respondents, did not seek review of the trial court's denial; the issue is not before this court. RAP 2.4(a).

The matter is remanded to the Superior Court for proceedings consistent with this opinion.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, and DOLLIVER, JJ., concur.

Reconsideration denied May 5, 1977.