[No. 4073–II.   Division Two.   November 26, 1980.]

KELSO SCHOOL DISTRICT No. 453, *Appellant,* v. RICHARD HOWELL, ET AL, *Respondents.*

*James E. Warme,* for appellant.

*Odine H. Husemoen,* for respondents.

PETRICH, J.—Kelso School District No. 453 has appealed the judgment of the Superior Court dismissing the School District's appeal from an adverse decision by a hearing officer in a teacher discipline matter. We hold that the Superior Court erred in concluding that the School District had no available means of judicial review.

In July 1978 the Superintendent of Kelso School District No. 453 served Richard Howell, a teacher in the district, with a notice of adverse change in contract status based upon Howell's alleged excessive discipline of a student, improper accounting for school funds and improper use of school equipment. As disciplinary action, the School District changed Howell's teaching assignment and ended his contract for summer employment. Howell requested a hearing to contest this action pursuant to RCW 28A.58.455.[1] The hearing officer found that Howell had used improper discipline methods but found that he had not misused school equipment and funds. After making these findings, the hearing officer overturned the district's disciplinary action and reinstated Howell to his former status.

The School District sought judicial review of the hearing officer's decision in Superior Court claiming that the hearing officer violated constitutional provisions, exceeded statutory jurisdiction, made errors of law and that his findings and conclusions were clearly erroneous and arbitrary and capricious. The Superior Court dismissed the appeal after concluding that it had no authority to hear an appeal from

---

[1]RCW 28A.58.455 provides in pertinent part:

"(1) Any employee receiving a notice of probable cause for discharge or adverse effect in contract status pursuant to RCW 28A.58.450, . . . or any employee, with the exception of provisional employees as defined in RCW 28A-.67.072, receiving a notice of probable cause for nonrenewal of contract pursuant to RCW 28A.67.070, . . . shall be granted the opportunity for a hearing pursuant to this section."

an aggrieved school district/employer. The School District appeals.

RCW 28A.58, the enabling act governing hearings concerning adverse changes in the contract status of school district employees, expressly provides for judicial review by the aggrieved employee:

> Any appeal to the superior court *by an employee* shall be heard by the superior court without a jury. . . .
>
> The court may affirm the decision of the board or hearing officer or remand the case for further proceedings; or it may reverse the decision if *the substantial rights of the employee may have been prejudiced . . .*

(Italics ours.) RCW 28A.58.480. No similar statutory provision is made for judicial review by the aggrieved School District/employer.[2] Any right of review, therefore, must be outside the specific statutory scheme of RCW 28A.58.

▮▮ As part of the complaint for judicial review the School District asserted that judicial review was available by statutory writ of certiorari.[3] We agree. Hearings held

---

[2]A review of the history of the statutory scheme dealing with school district actions affecting contractual rights of schoolteachers raises the question of whether the denial of statutory judicial review to the school board as one of the interested parties was intentional or a result of legislative oversight. Prior to 1977 a teacher contesting the school district's action affecting his or her contractual rights was entitled to a hearing controlled by the school board. Laws of 1975, 2d Ex. Sess., ch. 114, § 5 and RCW 28A.58.455. Judicial appeals from the board's decision were available to the teacher, there being no reason to provide a right of judicial review by the board from its own decision. RCW 28A.58.460. By Laws of 1977, 1st Ex. Sess., ch. 7, an independent hearing officer was substituted for the school board as the tribunal to review the validity of the School District's action affecting the teachers' contract rights. However, RCW 28A.58.460 remained unchanged, thus denying the school board the same judicial review available to the affected teacher. A correction of this anomaly, if one is warranted, is a matter exclusively within the sound judgment of the legislature.

[3]The School District also argued in its complaint that judicial review was available to it under the state administrative procedures act (APA), RCW 34.04. Since the hearing officer is not a state agency within the meaning of RCW 34.04-.010, the provisions of the state APA, including those for judicial review, do not apply to its proceedings. *See generally Riggins v. Housing Auth.*, 87 Wn.2d 97, 549 P.2d 480 (1976); *Andrew v. King County*, 21 Wn. App. 566, 586 P.2d 509 (1978).

pursuant to RCW 28A.58.450 are quasi–judicial in nature. *Francisco v. Board of Directors,* 85 Wn.2d 575, 583, 537 P.2d 789 (1975). As such, review is available to the district by statutory writ of certiorari as authorized by RCW 7.16.040.[4] *Standow v. Spokane,* 88 Wn.2d 624, 630–31, 564 P.2d 1145, *appeal dismissed,* 434 U.S. 992, 54 L. Ed. 2d 487, 98 S. Ct. 626 (1977); *Andrew v. King County,* 21 Wn. App. 566, 573–74, 586 P.2d 509 (1978); *King County v. Carter,* 21 Wn. App. 681, 586 P.2d 904 (1978). *See also Browne v. Gear,* 21 Wash. 147, 57 P. 359 (1899).

We hold, therefore, that judicial review is available to the School District by statutory writ of certiorari despite the fact that review is not available to the district under the state administrative procedures act (APA) or under RCW 28A.58. Of course, the scope of review by statutory writ of certiorari is very limited, and the decision of the hearing officer may not be set aside unless the officer is found to have violated constitutional principles, exceeded his statutory jurisdiction, or committed clear error of law, or his decision is found to be arbitrary and capricious. *Andrew v. King County, supra.* An agency's factual decision may be found to be arbitrary and capricious only if it is willful and unreasoning action for which there is no support in the record. *Hayes v. Yount,* 87 Wn.2d 280, 286, 552 P.2d 1038 (1976); *Andrew v. King County, supra* at 574–75. This is in contrast to the scope of review available to an aggrieved employee who contests the decision of the hearing officer under the enabling act, RCW 28A.58.480. This statute contains identical language to the APA, RCW 34.04.130(6), and allows review of the officer's factual determinations under the more expansive clearly erroneous test as well as the

---

[4]RCW 7.16.040 reads as follows:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

more restrictive arbitrary and capricious standard. RCW 28A.58.480(5) and (6). *See generally Hayes v. Yount, supra* at 286; *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n,* 83 Wn.2d 446, 449, 518 P.2d 1237 (1974) (regardless of whether substantial evidence exists to support the decision of an administrative agency and uphold the decision under the arbitrary and capricious test, such a decision may be set aside by a review court under the clearly erroneous test if the reviewing court is left with a firm conviction that error has occurred in view of the entire record and applicable public policy).

We conclude, therefore, that review is available to the School District by statutory writ of certiorari because the function of the hearing officer is quasi–judicial in nature. For the reasons discussed herein, we hold that the Superior Court did err in dismissing the School District's amended complaint. Judgment reversed and remanded to the Superior Court for further proceedings in accordance with this opinion.

REED, C.J., and PEARSON, J., concur.