[Nos. 20425-8-II; 22140-3-II.    Division Two.    April 10, 1998.]

THE STATE OF WASHINGTON, *Petitioner,* v. TIMOTHY M.
BAYS, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. WARREN E.
BALLARD, *Respondent.*

*H. Steward Menefee, Prosecuting Attorney,* and *Loren D. Oakley, Deputy,* for petitioner.

*T. David Apodaca* and *Kyle L. Imler,* for respondents (appointed counsel for appeal).

SEINFELD, J. — These consolidated cases involve the interpretation of RCW 10.05.010, which provides that a person charged with a traffic infraction, misdemeanor, or gross misdemeanor under RCW 46, is "not eligible for a deferred prosecution program more than once in any five-year period." Timothy Bays and Warren Ballard each committed a new offense less than five years after the completion or termination of an earlier deferred prosecution program. In

each case, the superior court found that this fact did not cause Bays or Ballard to be ineligible for a second deferred prosecution. We conclude that the five-year period should be measured from the date the first court granted the earlier deferred prosecution, not from the date of completion of the program. Thus, we affirm.

## FACTS

### TIMOTHY BAYS

In June 1988, Bays committed the offense of driving under the influence (DUI), and the Grays Harbor County District Court subsequently granted his petition for a deferred prosecution. In January 1993, the district court revoked Bay's deferred prosecution and found him guilty of DUI as charged.

In January 1995, Bays committed a second DUI offense and again petitioned for a deferred prosecution. The district court granted Bays' petition.

The State appealed the district court order approving the second deferred prosecution. The Grays Harbor County Superior Court affirmed. This court then granted the State's motion for discretionary review.

### WARREN BALLARD

In April 1990, Ballard committed a DUI offense and in June 1990, the Milton Municipal Court granted his petition for a deferred prosecution. In May 1992, the municipal court dismissed Ballard's citation based on his successful completion of the deferred prosecution. But in June 1996, Ballard committed another DUI offense. Again he petitioned for a deferred prosecution.

The Grays Harbor District Court denied Ballard's petition, finding him ineligible based on the five-year rule in RCW 10.05.010. Ballard then stipulated to the police reports and waived jury trial. The district court found him guilty as charged and sentenced him accordingly.

Ballard appealed to the Grays Harbor County Superior Court, which reversed the conviction, finding that the district court erred in denying the petition for a deferred prosecution. This court granted the State discretionary review of the superior court's order of reversal and remand and consolidated the Bays and Ballard appeals.

## DISCUSSION

These cases turn on the question: what event triggers the commencement of the five-year period of ineligibility for deferred prosecution, as set forth in RCW 10.05.010? The State, based largely on policy considerations, argues that the ineligibility period should not commence until the completion or termination of the initial deferred prosecution. The State's proposed interpretation would extend the ineligibility period for a defendant who fails to timely complete the deferred probation program. *See* RCW 10.05.150 ("deferred prosecution program for alcoholism shall be for a two-year period").

Bays and Ballard contend that the date of the first offense commences the five-year period. Using this approach, a petitioner's delay or failure to complete the treatment program would not affect the timing of the ineligibility period.

RCW 10.05.010 provides in relevant part:

> In a court of limited jurisdiction a person charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution program . . . .
>
> A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020. *Such person shall not be eligible for a deferred prosecution program more than once in any five-year period.* Separate offenses committed more than seven days apart may not be consolidated in a single program.

(Emphasis added.) If the State believes the trial court

improperly granted deferred prosecution, RCW 10.05.160 provides the following remedy:

> The prosecutor may appeal an order granting deferred prosecution on any or all of the following grounds:
>
> (1) Prior deferred prosecution *has been granted* to the defendant within five years.

(Emphasis added.)

In construing a statute, our duty is to ascertain and give effect to the intent and purpose of the Legislature. *State v. Williams*, 62 Wn. App. 336, 338, 813 P.2d 1293 (1991). We determine that intent primarily from the language of the statute. *State v. Gettman*, 56 Wn. App. 51, 54, 782 P.2d 216 (1989). We must construe statutes as a whole and give effect to all the language used. If possible, we harmonize all provisions in an act in their relation to each other. *Williams*, 62 Wn. App. at 338.

Here, we read RCW 10.05.010 in conjunction with RCW 10.05.160(1). RCW 10.05.160 uses the phrase "deferred prosecution has been granted." This clearly refers to the entry of the order granting deferred prosecution to the defendant. Given this clear indication that the Legislature intended the triggering event to be the granting of deferred prosecution, we see no basis to rely upon general public policy considerations to interpret the statute.

Further, this reading is not inconsistent with the legislative findings for the 1985 amendment to RCW 10.05.010.[1] The Legislature stated:

> The legislature further finds that the deferred prosecution statutes require clarification. The purpose of sections 4 through 19 of this act is to provide specific standards and procedures for judges and prosecutors to use in carrying out the original intent of the deferred prosecution statutes.

---

[1] The 1985 amendment added the sentence quoted above that prohibits the consolidation of offenses committed more than seven days apart into a single program. It also added language not quoted above that created a time requirement for the filing of a petition and the conditions for waiver of such requirement.

Laws of 1985, ch. 352, § 3. These findings indicate that the Legislature intended that the standard be clear and not subject to manipulation by the parties.[2] There should be no ambiguity or ability to manipulate the date that the first court entered an order of deferred prosecution.

This interpretation also gives effect to the word "eligible," which is used twice in RCW 10.05.010. Before a court will find a petitioner "eligible" for a deferred prosecution, the petitioner must have committed a qualifying offense and satisfy the five-year rule, and in addition, he must, among other things, stipulate to the facts of the offense, waive trial-related rights, and acknowledge the relationship between his offense and a problem for which he needs treatment. RCW 10.05.020. And the court must make numerous specific findings pursuant to RCW 10.05.020. RCW 10.05.010. These include the fact that a treatment provider has determined that the petitioner is amenable to treatment and has specified a treatment plan. *See* RCW 10.05. Thus, for practical reasons, it is highly unlikely that a petitioner could be "eligible" for a deferred prosecution, as that term is used in RCW 10.05.010, until some time after the offense date.[3]

Although public policy arguments do not control our interpretation of a clear statute, we note that our reading of RCW 10.05.010 does not interfere with the statutory incentives to enter and complete treatment in a timely fashion. A petitioner on a deferred prosecution program is subject to supervision, financial assessments for supervision, and other onerous requirements. RCW 10.05.170, .150. Alcohol program requirements include total abstinence from

---

[2]The State asserts that the Legislature intended to hold individuals accountable for motor vehicle offenses and to limit the availability of deferred prosecutions to individuals who continue to drink and violate RCW 46. Assuming that this is a correct articulation of legislative intent, it does little to support the State's position.

[3]Bays and Ballard cite *State v. Reynolds*, 75 Wn. App. 1045 (1994), an unpublished opinion from this court. Because unpublished opinions have no precedential value and may not be cited as authority, *In re Marriage of Gilbert*, 88 Wn. App. 362, 368, 945 P.2d 238 (1977), we decline to discuss *Reynolds* other than to note that it did not reach the issue presented here.

alcohol and participation in an intensive treatment program and in a minimum of two support group meetings a week. RCW 10.05.150. A petitioner who does not comply or who reoffends faces entry of judgment against him. RCW 10.05.090 and .100. But a petitioner who completes the program may have the pending charges dismissed. RCW 10.05.120. Starting the five-year ineligibility period at the time a petitioner enters the program does not interfere with the above consequences of noncompliance or with the incentives to complete the program as soon as possible.

Bays and Ballard argue that we should interpret RCW 10.05.010 to be consistent with RCW 46.61.5055, which provides increasing penalties for alcohol violators based on the number of prior offenses "within five years." But RCW 46.61.5055 contains a specific definition of "within five years": "the arrest for a prior offense occurred within five years of the arrest for the current offense." RCW 46.61.5055(8)(b).[4] A further distinction is that a deferred prosecution, unlike a penalty or sentencing scheme, occurs before an adjudication of guilt and has fundamentally different purposes. *See State v. Vinge*, 59 Wn. App. 134, 137-38, 795 P.2d 1199 (1990) (RCW 3.66.067 and .068, which limit district court's *postconviction* authority to defer imposition of sentence and place defendant on probation to two years, do not correspondingly limit district court's *preconviction* jurisdiction over deferred prosecutions because of substantial differences between deferred prosecution and probation).

The State makes a similar argument, based on the Sentencing Reform Act of 1981 (SRA). Under the "wash out" provisions of RCW 9.94A.360, class B felony convictions are not included in the offender score if the offender has been conviction-free for 10 consecutive years since the last date of release from confinement, if any, or entry of judgment and sentence. Similarly, class C felony convic-

---

[4]RCW 46.61.5055 replaced former RCW 46.61.5053 (1994), which also based penalties for alcohol violators upon the number of prior offenses "committed within five years before the commission of the current violation." Former RCW 46.61.5053(1).

tions are not included in the offender score if the offender has been crime-free for five consecutive years. RCW 9.94A.360(2). But RCW 9.94A.360 contains different language than RCW 10.05.010. It states that the triggering event is "release from confinement." Thus, by its choice of language, the Legislature has shown that it intended different triggering events for the two different statutes.

In summary, we hold that the five-year period in RCW 10.05.010 begins on the date a court grants an initial deferred prosecution. A defendant who is charged with a new offense less than five years later is not eligible for a deferred prosecution based on the new offense. RCW 10.05.010.

Applying the five-year rule to the facts here, both Bays and Ballard were eligible for a second deferred prosecution. Thus, in Bay's case, we affirm the superior court order that affirmed Bays' deferred prosecution. In Ballard's case, we affirm the superior court order that reversed the Grays Harbor District Court and remand the matter to the district court for consideration of Ballard's petition for a deferred prosecution.

HOUGHTON, C.J., and HUNT, J., concur.