959 P.2d 143 (1998)
91 Wash.App. 640
WASHINGTON PUBLIC EMPLOYEES ASSOCIATION, Appellant,
v.
WASHINGTON PERSONNEL RESOURCES BOARD, and the Office of Financial Management, Respondents.
No. 21384-2-II.
Court of Appeals of Washington, Division 2.
July 10, 1998.
*145 Mark Spencer Lyon, Olympia, for Appellant.
Maureen A. Hart, Spencer Walter Daniels, Attorney Generals Office, Olympia, for Respondents.
*144 SEINFELD, Judge.
The Washington Public Employees Association (WPEA) petitioned the superior court for a statutory or constitutional writ of certiorari. It sought review of a Personnel Resources Board (PRB) decision regarding an alleged unfair labor practice. We agree that a statutory writ is the proper means to challenge an agency's alleged misinterpretation of the substantive law made in a quasi-judicial proceeding when there is no other adequate remedy at law. Thus, we reverse.

FACTS
In the fall of 1990, WPEA and the Office of Financial Management (OFM) participated in four negotiation sessions regarding state employee salaries, during which WPEA proposed an increase in "standby pay" for employees on a standby status.[1] After OFM advised WPEA that the Governor's legislative budget proposal would not include the requested increase, WPEA proposed it to the PRB.[2] In January 1991, the PRB approved the increase by voting to amend WAC 356-15-080(3).[3] The Legislature subsequently adopted a budget that did not provide funds for a standby pay increase and, in June 1991, OFM advised the Department of Personnel that it had disapproved of the amended standby pay rates because of lack of available funds and legislative support.
The WPEA then filed an unfair labor practice charge against OFM for unilaterally disapproving the standby pay increase without giving the WPEA advance notice and without providing WPEA the opportunity to meet and confer. Pursuant to WAC 356-42-083, the Department of Personnel issued an unfair labor practice complaint against OFM in October 1994.
The PRB conducted a hearing on the complaint at which witnesses provided sworn testimony and were subject to cross-examination. The PRB also received stipulated facts and exhibits. Following the hearing, the PRB dismissed the unfair labor practice complaint, *146 concluding that the OFM director had not violated the relevant statutes.
The WPEA then petitioned the Thurston County Superior Court for statutory or constitutional certiorari, alleging that the PRB's conclusions were erroneous as a matter of law and arbitrary and capricious in its holding. The trial court denied the petition, stating:
In determining whether other requirements of either a statutory writ or a constitutional writ of certiorari are met, the court must find allegations of more than an error of law. Here, the fundamental issue is one of whether the Personnel Resources Board erred, as a matter of law, in determining that no bargaining was needed. Allegations of error in interpreting the law are very different than allegations that an agency acts illegally. The present allegations are not sufficient to invoke the court's review by writ of certiorari even though Petitioners will be without further remedies.
The WPEA appeals.

DISCUSSION

I. STATUTORY WRIT OF REVIEW
RCW 7.16.040 requires a writ of review under the following circumstances:
A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.
Thus, to obtain a writ of review, the petitioner must show (1) that an inferior tribunal (2) exercising judicial functions (3) exceeded its jurisdiction or acted illegally, and (4) there is no adequate remedy at law. Raynes v. City of Leavenworth, 118 Wash.2d 237, 244, 821 P.2d 1204 (1992) (statutory writ must be granted only when all four criteria are present) (citing Bridle Trails Comm'ty Club v. Bellevue, 45 Wash.App. 248, 250, 724 P.2d 1110 (1986)); see also Foster v. King County, 83 Wash.App. 339, 921 P.2d 552 (1996). Here, there is no dispute that the PRB is an inferior board and that the WPEA has no other adequate remedy at law.[4] But the parties do dispute whether the PRB was exercising a judicial function when it heard the unfair labor practice complaint and whether it acted "illegally."

A. Exercising a Judicial Function
Although judicial actions have no single essential attribute, the following factors are relevant in determining whether an administrative action is quasi-judicial: (1) whether a court has been charged with making the agency's decision; (2) whether the action was a type which courts historically have performed; (3) whether the action involved the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether the action resembled the ordinary business of courts as opposed to that of legislators or administrators. Raynes, 118 Wash.2d at 244-45, 821 P.2d 1204; Williams v. Seattle Sch. Dist. No. 1, 97 Wash.2d 215, 218, 643 P.2d 426 (1982). Courts should give substantial consideration to the "functions being performed by the decision-making body," Raynes, 118 Wash.2d at 243, 821 P.2d 1204, and to whether the action of the decision-making body is easily susceptible to judicial review. Williams, 97 Wash.2d at 220, 643 P.2d 426.
Factor (1): Has the court been charged with making the agency's decision?
The WPEA contends that it could have invoked the superior court's concurrent jurisdiction to decide whether OFM had a duty under the Public Employees' Collective Bargaining Act to engage in collective bargaining with regard to a wage issue. The WPEA relies on State ex rel. Graham v. Northshore *147 Sch. Dist. No. 417, 99 Wash.2d 232, 662 P.2d 38 (1983).
Graham, a declaratory judgment action brought in the name of the state auditor, challenged, inter alia, whether a "release time" provision in teacher contracts constituted a proscribed "contribution" to an education association under the unfair labor practice statute. 99 Wash.2d at 234, 662 P.2d 38. The Public Employment Relations Commission (PERC) intervened, challenging the court's authority to decide the unfair labor practice aspect of the State's challenge.
The Graham court held that the trial court properly exercised its jurisdiction. 99 Wash.2d at 235, 662 P.2d 38. The Educational Employment Relations Act, like the Public Employees' Collective Bargaining Act here, contains no language directly removing superior court jurisdiction from cases involving unfair labor practices. Graham, 99 Wash.2d at 240, 662 P.2d 38. The Graham court stated:
It is a quantum leap in logic, however, to jump from the fact that PERC is empowered to prevent unfair labor practices to the conclusion that PERC is the exclusive decider of public labor law questions.
The declaration of legal rights and interpretation of legal questions is the province of the courts and not of administrative agencies. PERC's arguments amount to no less than a suggestion that the Legislature has by implication carved out an area of law and assigned a traditional judicial function to an administrative body.
99 Wash.2d at 240, 662 P.2d 38.
OFM seeks to distinguish Graham on the basis that the state auditor, not an employer, employee, or labor organization as contemplated by RCW 41.56, brought the complaint. But we find no meaningful difference in that distinction.
Factor (2): Have courts historically performed the action?
The WPEA persuasively argues that the courts have historically enforced public sector collective bargaining laws. See Local Union No. 77, Int'l Bhd. of Elec. Workers v. Public Util Dist. No. 1, 40 Wash.App. 61, 63, 696 P.2d 1264 (1985) (trial court improperly dismissed union's action to enforce arbitration provisions of collective bargaining agreement); Texas & New Orleans Ry. Co. v. Brotherhood of Railway & S.S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1930) (action to enforce rights under Railway Labor Act may be brought in federal court).
Factor (3): Does the action involve applying existing law to the facts to determine liability?
To determine liability, the PRB applied existing law to the facts. It is an unfair labor practice for a public employer to refuse to engage in collective bargaining, RCW 41.56.140, and State civil service employees' right to collective bargaining includes a specific right to bargain for wages. Ortblad v. State (Ortblad I), 85 Wash.2d 109, 530 P.2d 635 (1975); RCW 41.56.030(4). The director of OFM is the appropriate "public employer" for purposes of wage bargaining, Ortblad I, 85 Wash.2d at 116, 530 P.2d 635, and OFM's duty to negotiate includes a duty to meet at "reasonable times," the determination of which is a question of fact. Ortblad v. State (Ortblad II), 88 Wash.2d 380, 384, 561 P.2d 201 (1977).
To determine if OFM violated the Public Employees Collective Bargaining Act the PRB had to apply the above existing law to the present facts.
Factor (4) Does the action resemble the ordinary business of the courts?
In addition, the PRB hearing resembled the ordinary business of courts rather than that of legislators or administrators. In considering this factor, the Williams court stated:
While strict adherence to judicial process is not required to make an administrative tribunal's decision "quasi-judicial", correspondingly, the form in which the
administrative body assembles itself for a hearing and the fact that it takes testimony and resolves disputed questions of fact and enters findings and conclusions, do not per se make its functions *148 judicial or quasi-judicial rather than administrative.
97 Wash.2d at 220, 643 P.2d 426 (quoting Green v. Cowlitz County Civil Serv. Comm'n, 19 Wash.App. 210, 215, 577 P.2d 141 (1978)).
The PRB's hearing of the unfair labor practice complaint was more similar to the ordinary business of courts than to the vice principals' informal meeting with the school board in Williams. Unlike in Williams, the law required the PRB to set the matter for hearing: the parties received formal notice; the charging party prosecuted the complaint and had the burden of proof; and the hearing was limited to the issues and factual questions raised by the complaint and answer. WAC 356-42-086; WAC 356-37-150.
Further, the discovery processes here were analogous to those provided for by the superior court rules. WAC 356-37-140. The PRB may issue subpoenas; the parties may present and cross-examine witnesses and give evidence; testimony is given under oath; the PRB must keep an official record of the hearing. WAC 356-37-010. The PRB enters findings of fact, conclusions of law, and remedial orders, which are enforceable in superior court. WAC 356-42-089; former RCW 41.56.190 (1975).
Based upon the above four factors, we conclude that the PRB exercised a judicial function when it decided this case. Further, the cases argued by OFM are distinguishable. For example, in Hood the Supreme Court held that appeals to the PRB by employees challenging their dismissal is nonjudicial in nature because courts have not historically performed this function. State ex rel. Hood v. Washington State Personnel Bd., 82 Wash.2d 396, 400-01, 511 P.2d 52 (1973). The Hood court stated: "Prior to creation of the Personnel Board, state employees had no express employment rights which were within the power of the courts to protect. Personnel administration was left exclusively to the direction of management." 82 Wash.2d at 401, 511 P.2d 52 (emphasis added). Personnel policy and management is "essentially an administrative or executive function rather than a function historically or traditionally resting with the judicial branch of government." Gogerty v. Department of Inst., 71 Wash.2d 1, 5, 426 P.2d 476 (1967).
By contrast, before the creation of administrative bodies such as the PRB and the PERC, courts enforced public employees' collective bargaining rights. See Texas & New Orleans Ry., 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034; Local 77, 40 Wash.App. at 63, 696 P.2d 1264. And since the creation of these administrative bodies, the courts have continued to decide the rights and duties of public employers vis-à-vis public employees with respect to collective bargaining. See Washington Fed'n v. Office of Financial Management, 121 Wash.2d 152, 849 P.2d 1201 (1993); Ortblad II, 88 Wash.2d 380, 561 P.2d 201; Ortblad I, 85 Wash.2d 109, 530 P.2d 635.
International Fed'n of Professional & Technical Eng'rs v. State Personnel Board, 47 Wash.App. 465, 736 P.2d 280, review denied, 108 Wash.2d 1036 (1987), is also distinguishable. There the PRB declined to issue an unfair labor practice complaint pursuant to WAC 356-42-083.[5] The International Fed'n court concluded that the decision was not "judicial" because it was not a function `"which the judiciary has historically performed and which the courts could have performed prior to creation of the agency.'" 47 Wash.App. at 472, 736 P.2d 280 (quoting Hood, 82 Wash.2d at 400, 511 P.2d 52). The decision not to issue a complaint did not involve a contested hearing that closely resembled the ordinary business of courts. Nor was the PRB applying the law to facts for the purpose of declaring liability; rather the PRB was determining whether the charge had sufficient merit to proceed.
Department of Agric. v. State Personnel Bd., 65 Wash.App. 508, 828 P.2d 1145, review *149 denied, 120 Wash.2d 1003, 838 P.2d 1143 (1992), is also distinguishable. The Department of Agric. court concluded that the PRB was not performing a judicial function when it acted as an arbitrator because "the very purpose of arbitration is to submit disputes to a process that is less formal, speedier, and generally less vexatious than litigation." 65 Wash.App. at 514, 828 P.2d 1145.
Hough v. State Personnel Bd., 28 Wash. App. 884, 626 P.2d 1017 (1981) and Washington Fed'n v. State Personnel Bd., 23 Wash. App. 142, 594 P.2d 1375 (1979) are also distinguishable. The Hough court did not address the judicial function issue. 28 Wash. App. at 887, 626 P.2d 1017. The Washington Fed'n court concluded that the PRB's action in deciding whether to exempt positions from the civil service was not quasi-judicial because a court could not have been charged with making the decision; the agency's power to grant exemptions was provided by statute, and the PRB decision involved a quasi-legislative policy determination of prospective application. 23 Wash.App. at 146, 594 P.2d 1375. Thus, the decision did not involve the ordinary business of courts. Washington Fed'n, 23 Wash.App. at 146, 594 P.2d 1375.

B. Acting Illegally
The WPEA claims that the PRB "acted illegally" under RCW 7.16.040 when it misinterpreted the substantive law and, thus, the third prerequisite to statutory certiorari is satisfied. OFM responds that "acting illegally" refers to "deficiencies in the proceeding itself."
The phrase "acting illegally" is susceptible to multiple meanings. Cf. King County v. Board of Tax Appeals, 28 Wash.App. 230, 242, 622 P.2d 898 (1981) ("illegality" is a "nebulous term"; in the context of constitutional certiorari it refers to "the authority of an agency to perform an act"); Short v. Clallam County, 22 Wash.App. 825, 833 n. 1, 593 P.2d 821 (1979) ("we see no real difference between the terms `acting illegally,' `contrary to existing law,' and `error of law'"). Nor do Raynes and Bridle Trails, which enumerate the requirements for statutory certiorari, aid us in defining the third prerequisite. Thus, we resort to principles of statutory construction. See State v. Ollens, 89 Wash.App. 437, 949 P.2d 407 (1998) (a court may engage in statutory construction when a statute is susceptible of two or more reasonable interpretations).
In construing a statute, our duty is to ascertain and give effect to legislative intent. State v. Williams, 62 Wash.App. 336, 338, 813 P.2d 1293, review denied, 117 Wash.2d 1027, 820 P.2d 511 (1991). We must construe statutes as a whole and give effect to all the language used. City of Seattle v. Fontanilla, 128 Wash.2d 492, 498, 909 P.2d 1294 (1996). If possible, we harmonize all provisions in an act in their relation to each other. Fontanilla, 128 Wash.2d at 498, 909 P.2d 1294; Williams, 62 Wash.App. at 338, 813 P.2d 1293.
Statutory certiorari provides a means for courts to review judicial actions of public officers or organs of government where there is no statutory right of appeal nor an adequate remedy at law. Grays Harbor County v. Williamson, 96 Wash.2d 147, 152, 634 P.2d 296 (1981); Andrus v. County of Snohomish, 8 Wash.App. 502, 508, 507 P.2d 898 (1973). The opportunity for a court of law to review administrative determinations provides "security against administrative injustice." Lennart Vernon Larson, Administrative Determinations and the Extraordinary Writs in the State of Washington, 20 Wash. L.Rev. 22 (1945).
OFM interprets "acts illegally" narrowly to include only those situations where there is a showing that the lower tribunal made a procedural error. Thus, it would exclude review of alleged substantive errors. This interpretation, however, is inconsistent with the legislative purpose behind the statutory writ: to provide a means to protect against administrative injustice. Thus, the intent of the legislation is best furthered by interpreting "illegality" to include errors of law and allow review where an inferior tribunal exercising quasi-judicial functions allegedly has made a legally erroneous ruling and there is no other adequate remedy.
This holding is consistent with the principle that we give effect to all language in the statute. Fontanilla, 128 Wash.2d at 498, 909 *150 P.2d 1294. To interpret "acting illegally" narrowly to include only acts that violated procedural requirements would render the phrase superfluous; "acting illegally" would merely describe conduct already encompassed within the statutes' phrases "exceeded jurisdiction" or "erroneous or void proceeding." RCW 7.16.040. But we are not to interpret statutes so as to render any language superfluous. Thus, we assume that the Legislature intended the phrase "acting illegally" to include acts in addition to those already encompassed in "exceeded jurisdiction" or "erroneous or void proceedings." Wright v. Engum, 124 Wash.2d 343, 352, 878 P.2d 1198 (1994); see also State ex rel Meyer v. Clifford, 78 Wash. 555, 559-60, 139 P. 650 (1914) (court will not issue writ of prohibition[6] to review error of law where tribunal has jurisdiction; such matters are reviewable by certiorari where there is no appeal).
This interpretation is consistent with the process the court is to follow after it grants a writ of review and conducts a hearing. See RCW 7.16.120; Fontanilla, 128 Wash.2d at 498, 909 P.2d 1294. The court is to determine:
(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.
(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.
(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.
(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.
(5) Whether the factual determinations were supported by substantial evidence.
RCW 7.16.120.
Under subsection (3) of RCW 7.16.120, a complaining party who can establish that the administrative body or officer made a prejudicial "error of law" is entitled to relief. Hayes v. City of Seattle, 131 Wash.2d 706, 713 n. 4, 934 P.2d 1179, 943 P.2d 265 (1997); Hilltop Terrace Homeowner's Ass'n v. Island County, 126 Wash.2d 22, 29, 891 P.2d 29 (1995); Castle Homes and Development, Inc. v. City of Brier, 76 Wash.App. 95, 103, 882 P.2d 1172 (1994). It would be inconsistent with the full appellate review afforded by RCW 7.16.120 to preclude statutory certiorari because a petitioner alleged only an error of law. See Phillips v. City of Seattle, 51 Wash.App. 415, 422, 754 P.2d 116 (1988) ("[w]ith the application for a [statutory] writ, appellant must submit material in support of it specifically designating the jurisdictional excesses, abuses of discretion, or errors of law that substantially prejudiced appellant at the administrative hearing" (emphasis added)), aff'd, 111 Wash.2d 903, 766 P.2d 1099 (1989).
Appellate decisions discussing cases reviewed by superior courts pursuant to writs of certiorari support this construction of the term "acting illegally." See, e.g., Dillon v. Seattle Police Pension Bd., 82 Wash.App. 168, 171, 916 P.2d 956 (1996); Van Sant v. City of Everett, 69 Wash.App. 641, 646-47, 849 P.2d 1276 (1993). The issue in both Dillon and Van Sant was whether the administrative body had committed an error of law or whether substantial evidence supported the administrative decision. Dillon, 82 Wash.App. at 171, 916 P.2d 956; Van Sant, 69 Wash.App. at 646-47, 849 P.2d 1276. Although neither case involved an administrative body that violated procedural requirements or acted in excess of its authority, in each of these cases the superior court reviewed the administrative decision by statutory writ.
OFM claims that the Legislature foreclosed statutory certiorari for PRB decisions by its 1988 amendment of former RCW 34.04.150, which exempted PRB decisions from judicial review under the Administrative Procedure Act (APA). OFM also claims "that the Legislature has authorized judicial *151 review of PERC [Public Employment Relations Commission] decisions and specifically has exempted decisions of the Personnel Resource Board from such judicial review ... demonstrates that the Legislature knows how to provide for judicial review, when that is its intention, and how to deny [review], when that is its desire."
The APA provides:
The provisions of RCW 34.05.410 through 34.05.598 shall not apply:
. . . .
(d) To actions of the Washington personnel resources board, the director of personnel, or the personnel appeals board....
RCW 34.05.030(2).
RCW 34.05.410 through 34.05.494 are the APA's adjudicative proceeding provisions and RCW 34.05.510 through 34.05.598 are its judicial review and civil enforcement provisions. The Public Employees Collective Bargaining Act provides:
Actions taken by or on behalf of the [Public Employment Relations] commission shall be pursuant to chapter 34.05 RCW, or rules adopted in accordance with chapter 34.05 RCW, and the right of judicial review provided by chapter 34.05 RCW shall be applicable to all such actions and rules.
RCW 41.56.165.
We do not find OFM's reliance on RCW 34.04.150 persuasive. First, the Legislature's exemption of PRB decisions from the APA's judicial review provisions does not explicitly preclude judicial review by statutory or constitutional certiorari. See RCW 34.05.030(2)(d). And State ex rel. Douglas v. Stratiner, 119 Wash. 667, 206 P. 353 (1922), cited by OFM, is not applicable. In Douglas, certiorari was not available to review an interlocutory order suppressing evidence in a criminal case because a statute specifically prohibited appeal of the court's order. 119 Wash. at 670-71, 206 P. 353. But the APA does not specifically prohibit appeals of PRB decisions. Further, Douglas is no longer controlling authority. See State v. Whitney, 69 Wash.2d 256, 257-58, 418 P.2d 143 (1966) (Legislature may not deprive the court of its constitutional power of review); see also Williams, 97 Wash.2d at 218, 643 P.2d 426 (a constitutional right to certiorari exists notwithstanding an express statutory bar).
Second, we do not necessarily infer a legislative intent to preclude all means of judicial review in one context merely because the Legislature has expressly provided a right of appeal in a similar context. See, e.g., Kelso Sch. Dist. No. 453 v. Howell, 27 Wash. App. 698, 621 P.2d 162 (1980). In Kelso, a school district sought judicial review by statutory writ of a hearing officer's decision overturning the district's disciplinary action against a teacher. 27 Wash.App. at 699, 621 P.2d 162. Because RCW 28A.58 gives an aggrieved school district employee an express right of appeal, but there is no similar statute providing for judicial review by an aggrieved school district, the superior court dismissed the school district's appeal concluding that it lacked authority to hear it. Kelso, 27 Wash.App. at 700, 621 P.2d 162.
The Kelso court reversed, holding that review was available to the school district by statutory writ "despite the fact that review is not available to the District under the state APA or under RCW 28A.58." 27 Wash.App. at 701, 621 P.2d 162. The situation here is analogous. The Legislature's express provision of judicial review for PERC decisions regarding unfair labor practices complaints, RCW 41.56.165, does not indicate an intent to preclude review by statutory writ of similar PRB decisions made pursuant to the PRB's authority under RCW 41.06.340.[7]

II. CONSTITUTIONAL CERTIORARI
In the alternative, the WPEA contends that the superior court improperly denied *152 constitutional certiorari. It argues that the PRB's determination of its unfair labor practice complaint was arbitrary and capricious and that an alleged error of law is sufficient "illegality" to invoke the court's inherent power of review. Although we need not reach this issue in light of our decision regarding the availability of review by statutory writ, we believe it helpful to explain why the trial court's ruling was appropriate. See Saldin Sec., Inc. v. Snohomish County, 134 Wash.2d 288, 293, 949 P.2d 370 (1998) (court will not ordinarily exercise its inherent power of review if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using those methods).
Article 4, section 6 of the Washington State Constitution[8] gives superior courts an inherent power to review administrative decisions. Bridle Trails, 45 Wash.App. at 251, 724 P.2d 1110. This review, however, is limited to determining whether the decision or act below was illegal or arbitrary and capricious. Bridle Trails, 45 Wash.App. at 251, 724 P.2d 1110.
Illegality in the constitutional certiorari context, as opposed to the statutory certiorari context, refers to an agency's jurisdiction and authority to perform an act. Saldin Sec., 134 Wash.2d at 292, 949 P.2d 370; King County v. Washington State Bd. of Tax Appeals, 28 Wash.App. 230, 242, 622 P.2d 898 (1981). Thus, an alleged error of law is insufficient to invoke the court's constitutional power of review. King County, 28 Wash.App. at 242-43, 622 P.2d 898; compare with Pierce County Sheriff v. Civil Serv. Comm'n, 98 Wash.2d 690, 694, 658 P.2d 648 (1983) (an agency's alleged application of the wrong burden of proof is reviewable by constitutional certiorari).
Further, a superior court may refuse to exercise its inherent power of review upon tenable reasons. See Harris v. Pierce County, 84 Wash.App. 222, 230, 928 P.2d 1111 (1996); Birch Bay Trailer Sales, Inc., v. Whatcom County, 65 Wash.App. 739, 745-46, 829 P.2d 1109 (citing Bridle Trails, 45 Wash. App. at 252-53, 724 P.2d 1110), review denied, 119 Wash.2d 1023, 838 P.2d 690 (1992).
Here, the PRB's findings of fact and conclusions of law demonstrate that it considered the relevant facts and legal authority. Because reasonable minds can differ about the scope of OFM's duty, we cannot characterize the PRB's ruling dismissing the unfair labor procedure complaint as arbitrary and capricious. See King County, 28 Wash.App. at 241, 622 P.2d 898; see also Ortblad II, 88 Wash.2d at 384, 561 P.2d 201 (question of OFM director's duty to negotiate turned on what constitutes a reasonable time, a fact question). Nor was PRB's action "illegal," as that term is used in the constitutional certiorari context. Consequently, the superior court did not abuse its discretion in denying review by constitutional writ.
We reverse and remand for proceedings consistent with this opinion.
MORGAN, P.J., and ARMSTRONG, J., concur.
NOTES
[1] See Ortblad v. State (Ortblad I), 85 Wash.2d 109, 530 P.2d 635 (1975) (RCW 41.06.340, 41.56.030, and 41.56.140 require director of OFM to engage in collective bargaining on behalf of the State concerning civil service employees' salary levels); Ortblad v. State (Ortblad II), 88 Wash.2d 380, 561 P.2d 201 (1977) (Ortblad I decision requires director of OFM to negotiate at reasonable times about matters included in state employees salary survey).
[2] Before June 30, 1993, the Washington State Personnel Board (SPB) performed the duties now performed by the PRB. We use "PRB" to refer to both the current Personnel Resources Board and the predecessor State Personnel Board.
[3] RCW 41.06.150 provides in pertinent part:

The [PRB] shall adopt rules, consistent with the purposes and provisions of this chapter, as now or hereafter amended, and with the best standards of personnel administration, regarding the basis and procedures to be followed for:
. . . .
(17) Adoption and revision of a state salary schedule to reflect the prevailing rates in Washington state private industries and other governmental units but the rates in the salary schedules or plans shall be increased if necessary to attain comparable worth under an implementation plan under RCW 41.06.155 and that, for institutions of higher education and related boards, shall be competitive for positions of a similar nature in the state or the locality in which an institution of higher education or related board is located, such adoption and revision subject to approval by the director of financial management in accordance with the provisions of chapter 43.88 RCW;
[4] The Administrative Procedure Act exempts the Personnel Resources Board from its judicial review provisions. RCW 34.05.030(2)(d).
[5] WAC 356-42-083(1) provides:

Upon receipt of a properly completed unfair labor practice charge, the director of personnel's designee shall conduct an investigation to determine whether or not the charge(s) is frivolous or substantially without merit. If it is found that the charge(s) is not frivolous or is not without substantial merit, a complaint shall be issued. If the charge(s) is found to be frivolous or substantially without merit, the charge(s) shall be dismissed. Dismissal of the charge is appealable to the personnel board.
[6] A writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." RCW 7.16.290.
[7] RCW 41.06.340 provides:

Each and every provision of RCW 41.56.140 through 41.56.190 shall be applicable to this chapter as it relates to state civil service employees and the Washington personnel resources board, or its designee, whose final decision shall be appealable to the Washington personnel resources board, which is granted all powers and authority granted to the department of labor and industries by RCW 41.56.140 through 41.56.190.
[8] Article 4, section 6 of the Washington State Constitution provides in relevant part: "Said courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties."