[No. 20219-4-III.   Division Three.   March 28, 2002.]

PETER D. RAYNER, ET AL., *Appellants*, v. JOHN L. NEFF, ET AL., *Respondents*.

*Richard E. Lewis,* for appellants.

*James B. King* (of *Keefe, King & Bowman*), for respondents.

KURTZ, C.J. — Under the lis pendens statute, a person who files a lis pendens is a "claimant" and may be liable to an "aggrieved party" who prevails in the defense of an action in which the lis pendens is filed. RCW 4.28.328. In a prior case involving a dispute over property, Peter and Linda Rayner made a claim under RCW 4.28.328 against Michael and Sharon Page. In this case, the Rayners sued the Pages' attorney, John Neff, alleging that he was personally liable for wrongfully filing a lis pendens in the prior case. The superior court granted Mr. Neff's motion for summary judgment, holding that the Rayners' claim was barred by the doctrine of res judicata because it should have been litigated in the former action against the Pages. Summary judgment in favor of Mr. Neff was appropriate because an attorney filing a lis pendens on behalf of a client does not become liable as a "claimant" to an "aggrieved party" within the terms of the lis pendens statute, RCW 4.28.328.

## FACTS

Wilma and Chris Richau initiated the underlying property dispute litigation. That litigation involved Peter and Linda Rayner's purported sale of lots one and nine of the Blue Herron Estate residential development to Wilma and Chris Richau. The Richaus attempted to rescind the transaction based upon alleged violations of chapter 58.17 RCW, the platting statute, and the failure of the Rayners to provide a statutory warranty deed containing an accurate legal description.

The Richaus also sued Michael and Sharon Page. The Pages purchased property contiguous with and north of the Richaus' property. The Richaus contended the deed issued by the Rayners to the Pages misdescribed the real property and mistakenly conveyed property previously sold by the Rayners to the Richaus.

Attorney John Neff appeared for the Pages and answered the Richaus' complaint. On behalf of the Pages, he asserted a cross claim against the Rayners, and a counterclaim against the Richaus. In connection with the cross claim, Mr. Neff filed a lis pendens on behalf of his clients against property owned by the Rayners. In response, the Rayners counterclaimed against the Pages, alleging, among other things, damages resulting from the wrongful filing of the lis pendens.

*Richau v. Rayner* was tried and appealed. *See Richau v. Rayner*, 98 Wn. App. 190, 988 P.2d 1052 (1999). During the pendency of that appeal, the Rayners instituted the present lawsuit against Mr. Neff stating a claim under RCW 4.28.328. Thereafter, the Rayners and the Pages settled *Richau v. Rayner*. After the written settlement agreement was executed and an order of dismissal with prejudice was entered, Mr. Neff moved the court for summary judgment dismissal of the Rayners' lawsuit. Mr. Neff argued that the dismissal of the *Richau v. Rayner* litigation was res judicata for the claim that the Rayners were asserting against him. The superior court agreed with Mr. Neff and granted his summary judgment motion. The Rayners appeal.

## ANALYSIS

"When reviewing an order for summary judgment, we engage in the same inquiry as the trial court, and will affirm summary judgment if there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 698, 952 P.2d 590 (1998); *see also* CR 56(c). All facts and reasonable inferences

must be considered in a light most favorable to the nonmoving party, and all questions of law are reviewed de novo. *Wilson Court*, 134 Wn.2d at 698. Questions of fact may be determined on summary judgment as a matter of law where reasonable minds could reach but one conclusion. *See Alexander v. County of Walla Walla*, 84 Wn. App. 687, 692, 929 P.2d 1182 (1997).

■ ■ The Rayners' claim against Mr. Neff is based on RCW 4.28.328. We construe a statute to ascertain and give effect to legislative intent. *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 53, 959 P.2d 1091 (1998); *Wash. Pub. Employees Assoc. v. Wash. Pers. Res. Bd.*, 91 Wn. App. 640, 652, 959 P.2d 143 (1998). We also construe statutes as a whole, trying to give effect to all the language and to harmonize all provisions. *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996) (citing *State ex rel. Royal v. Bd. of Yakima County Comm'rs*, 123 Wn.2d 451, 459, 869 P.2d 56 (1994)). " 'Every provision must be viewed in relation to other provisions and harmonized if at all possible.' " *In re Estate of Kerr*, 134 Wn.2d 328, 335, 949 P.2d 810 (1998) (quoting *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 425, 799 P.2d 235 (1990)).

■ The Rayners' claim against Mr. Neff for wrongfully filing a lis pendens against the property is based upon RCW 4.28.328(2), which provides:

> A claimant in an action not affecting the title to real property against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.

"Claimant" is defined as "a person who files a lis pendens . . . ." RCW 4.28.328(1)(b).

Specifically, the Rayners contend that because Mr. Neff filed the lis pendens without consulting with his clients, he is the "claimant" as that term is defined in RCW 4.28.328(1)(b), and he is liable to the Rayners. We disagree.

RCW 4.28.328 defines "lis pendens" as follows:

(a) "Lis pendens" means a lis pendens filed under RCW 4.28.320 or 4.28.325[1]. . . .

RCW 4.28.320 provides, in pertinent part, as follows:

In an action affecting the title to real property *the plaintiff*, at the time of filing the complaint, or at any time afterwards, or whenever a writ of attachment of property shall be issued, or at anytime afterwards, the *plaintiff* or a *defendant*, when he sets up an affirmative cause of action in his answer, and demands substantive relief at the time of filing his answer, or at any time afterwards, if the same be intended to affect real property, may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby.

(Emphasis added.) By its plain terms, RCW 4.28.320 applies only to a lis pendens filed by a plaintiff or a defendant when that party is asserting a cause of action and demanding substantive relief intended to affect real property.

The Rayners argue that the term "claimant" as used in RCW 4.28.328(1)(b) includes the attorney filing the lis pendens on behalf of a client. The term "claimant" in the statute refers to a "plaintiff" or "defendant" as referenced in RCW 4.28.320. The term "claimant" does not include the attorney for a plaintiff or a defendant who files a lis pendens under RCW 4.28.320 in the context of his or her representation.

We affirm the trial court's summary judgment dismissing the Rayners' claim against Mr. Neff because Mr. Neff is not a "claimant" within the meaning of the lis pendens statute, RCW 4.28.328. In view of our holding, we need not address the Rayners' other grounds for reversing the summary judgment order.

SWEENEY and BROWN, JJ., concur.

---

[1] RCW 4.28.325 governs lis pendens filed in actions in the United States district courts.